**IN THE UNITED STATES DISTRICT COURT**
**FOR THE ALABAMA MIDDLE DISTRICT**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JOANN MITCHELL, as the Administratrix of the Estate OF DAVIEON WILLIAMS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 2:18-CV-769-GMB** |
| **JOSEPH HEADLEY, et al.,** | ) | |
| **Defendants.** | ) | |

## ANSWER

COME NOW the Defendants, Jefferson S. Dunn, Joseph Headley, Grantt Culliver, and Walter Posey[1] and answer the Plaintiff's Complaint as follows:

## INTRODUCTION

1. Denied as phrased.

2. This is a vague, conclusory, self-serving, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

3. This is a vague, conclusory, self-serving, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

4. Denied as phrased.

5. The defendants do not possess sufficient knowledge to admit or deny, therefore the same is denied and demand strict proof thereof.

## JURISDICTION AND VENUE

6. Admitted as to jurisdiction, but not as to standing.

[1] The plaintiff lists an "officer Burt" as a defendant, but upon information and belief, there is not nor was there an Officer Burt at Elmore Correctional Facility at any time relevant to the claims brought by the plaintiff.

7. Admitted as to venue, but not as to standing.

## PARTIES

8. The defendants do not possess sufficient knowledge to admit or deny, therefore the same is denied and demand strict proof thereof.

9. It is admitted that Joseph Headley is a Warden III with the Alabama Department of Corrections at Elmore Correctional Facility. The remaining material allegations contained in this compound statement going beyond a description of the party are denied.

10. It is admitted that Jefferson Dunn is the Commissioner of the Alabama Department of Corrections.[2] The remaining material allegations contained in this compound statement going beyond a description of the party are denied.

11. It is admitted that Grantt Culliver was the Associate Commissioner of Operations for the Alabama Department of Corrections. The remaining material allegations contained in this compound statement going beyond a description of the party are denied.

12. Denied.

13. Denied.

14. Fictitious party practice is disallowed and the subject of a motion to strike and dismiss filed contemporaneously with this answer, therefore no reply from the defendants is required. To the extent that the Court deems a reply to this paragraph is due, the defendants state that they do not possess sufficient knowledge to admit or deny, therefore the same is denied and strict proof is demanded thereof.

[2] The plaintiff adds a footnote that, "[t]here are relevant allegations in this Complaint that predate Commissioner Dunn's tenure with the Alabama Department of Corrections." To the extent any such "allegations" serve as the basis for any claim brought, such would be irrelevant and barred by the applicable statute of limitations.

**STATEMENT OF FACTS**

15. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

16. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

17. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

18. It is admitted that the Alabama Department of Corrections (ADOC), as well as each defendant, strives to ensure safe, humane and constitutional conditions of incarceration in all facilities including Elmore Correctional Facility. It is noted that ADOC is not a defendant to this action, and the report speaks for itself, therefore no response is required.

19. It is admitted that the Alabama Department of Corrections (ADOC), as well as each defendant, values a safe, secure and rehabilitative environment for the inmate population. It is noted that ADOC is not a defendant to this action, and the report speaks for itself, therefore no response is required.

20. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

21. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

22. Defendant Dunn admits he is aware of overcrowding and correctional understaffing issues. The remaining material allegations are denied.

23. Defendant Culliver admits he is aware of overcrowding and correctional understaffing issues. The remaining material allegations are denied.

24. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied as having any applicability to this case.

25. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied as having any applicability to this case.

26. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied as having any applicability to this case.

27. It is admitted that Elmore Correctional is above its designed capacity. The remaining allegations are denied.

28. The material allegations are denied.

29. The defendants assert that the report speaks for itself. The remaining material allegations are denied.

30. Denied as phrased.

31. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

32. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

33. This case does not involve the use of force by officers on inmates, therefore, this is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

34. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

35. This is a self-serving, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

36. This is a self-serving, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

37. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

38. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

39. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

40. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

41. Denied.

42. Denied as phrased.

43. Denied.

44. Denied as phrased.

45. Denied as phrased.

46. It is admitted that Inmate Gladney alleged that Inmate Williams and Williams's friends robbed and assaulted Inmate Gladney earlier in the day.

47. Mr. Headley asserts that the previous incident was handled in accordance with current policies and protocols.

48. Mr. Headley asserts that the previous incident was handled in accordance with current policies and protocols.

49. The defendants do not possess sufficient knowledge to admit or deny, therefore the same is denied and demand strict proof thereof. The defendants deny that inmate Williams ever expressed any such fear to them.

50. The plaintiff does not specifically state which defendant(s), if any, had such knowledge therefore the same is denied.

51. It is admitted that inmate Gladney stabbed inmate Williams at Elmore Correctional Facility on August 30, 2016.

52. Denied as phrased.

53. This is a vague, conclusory, self-serving, overbroad, inflammatory statement that is irrelevant to the sole cause of action brought by the plaintiff, therefore the same is denied.

54. It is admitted that inmate Williams was pronounced dead following the stabbing.

55. Admitted.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

**CAUSE OF ACTION**
**COUNT ONE**
**Violation of Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983**
**(Against All Defendants)**

62. The Defendants adopt and incorporate by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

63. Denied.

64. This is a legal conclusion for which no response is required. To the extent that a response is required, the defendants state it is an incorrect statement of the law and deny ever breaching any duty owed to inmate Williams, including subparts a. and b.

65. Denied, including subparts a. through g.

66. Denied.

67. Denied.

68. Denied.

**PRAYER FOR RELIEF**

The defendants deny that the plaintiff is entitled to any of the relief sought, including subparts (a) through (h).

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The defendants deny the material averments not specifically admitted in plaintiff's Complaint and demand strict proof thereof.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiff has failed to state a claim against the defendants upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

In order to avoid waiver, the defendants plead that this Court lacks subject-matter and personal jurisdiction over the defendants and this dispute.

**FOURTH AFFIRMATIVE DEFENSE**

This Court lacks subject-matter and personal jurisdiction over the defendants and this dispute due to the absolute sovereign immunity from suit afforded to the State of Alabama and its agencies and officials, including the defendants.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the defendants are employees of the State of Alabama, and its employees or officials are protected by the doctrine of qualified discretionary function immunity.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the claim asserted against the defendants are for monetary damages only and are, in effect, claims against the State, which are constitutionally barred due to immunity of the state from suit.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the defendants breached no duty to plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because plaintiff's alleged injuries were not proximately caused by any conduct of the defendants.

**NINETH AFFIRMATIVE DEFENSE**

The defendants are not responsible for the tortious or criminal acts of third persons.

**TENTH AFFIRMATIVE DEFENSE**

The defendants plead that any alleged injuries were proximately caused by an independent and/or intervening cause such as a criminal intentional act and not by the acts of the defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

The defendants plead that any alleged injuries to the plaintiff were a result of acts and omissions of others.

**TWELTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to join indispensable parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The defendants plead that there is no causal connection or relationship between any alleged negligence or wrongdoing on their part related to the alleged injuries.

**FOURTENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claims set forth in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because at all items material hereto, the defendants acted within the line and scope of her employment and authority.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because at all times material hereto, the defendants acted in good faith.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The defendants deny each of plaintiff's claims of acts allegedly performed deliberate indifference and further deny that any alleged acts or omissions claimed by plaintiff proximately caused any injuries to the plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The defendants aver that the plaintiff is not entitled to punitive damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

The defendants claim the benefit of all statutes and law limiting the imposition of damages and collection of judgments against parties such as the defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

The defendants deny that the plaintiff is entitled to any damages or other relief outlined in any paragraph in the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

No defendant can be held liable under any theory of respondeat superior or any other agent-principal theory in a §1983 action.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

No defendant can be held liable under a theory of failure to train and/or supervise in this action.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The defendants plead assumption of the risk.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The defendants plead contributory negligence.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The defendant repeats and incorporates by reference all defenses they will raise in any motion to dismiss or for summary judgment to be filed with this Court after reasonable discovery has been completed.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

This defendant pleads that the plaintiff lacks the proper standing to bring the claims asserted in the Complaint pursuant to Rule 17 of the Federal Rules of Civil Procedure and, on that ground, said claims are due to be dismissed.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

A portion or all of plaintiff's claims against the defendants may be barred by the applicable statute of limitations.

**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff cannot establish each essential element of her claim.

**TWENTY- NINTH AFFIRMATIVE DEFENSE**

The plaintiff cannot establish the subjective element of her claim

**THIRTIETH AFFIRMATIVE DEFENSE**

The plaintiff cannot establish the objective element of her claim.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The plaintiff cannot establish that any defendant objectively knew of a substantial risk of serious harm to the plaintiff; that any defendant subjectively inferred that there was a substantial risk of serious harm to the plaintiff; or that any defendant responded in an objectively unreasonable manner.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The plaintiff cannot establish that all the defendants are responsible for the conditions of Elmore Correctional Facility, or that those conditions arise to the level of an unquestioned and serious deprivation of basic human needs.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

The plaintiff cannot establish that all the defendants are responsible for the conditions of Elmore Correctional Facility, or that those conditions posed an unreasonable risk of serious damage to inmate Williams's health.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

The plaintiff cannot establish that all the defendants did not take all reasonable measures to alleviate any risk to inmate Williams.

**THIRTY- FIFTH AFFIRMATIVE DEFENSE**

The plaintiff cannot establish that any defendant was in a position to prevent the attack on inmate Williams from the attack of another inmate.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

The plaintiff cannot establish that all the defendants are responsible for the conditions of Elmore Correctional Facility, or that those conditions constituted the existence of an excessive risk of inmate-on-inmate violence at the prison creating an atmosphere where violence and terror reign or the threat of violence at the hands of other inmates is constant.

**THIRTY SEVENTH AFFIRMATIVE DEFENSE**

The defendant gives notice that they will rely on such other and further defenses as may become apparent during the course of this action and expressly reserves the right to supplement their affirmative defenses following any discovery in this matter.

Respectfully submitted,

STEVE MARSHALL
ATTORNEY GENERAL

/s/ *Benjamin H. Albritton*
Benjamin H. Albritton
ASSISTANT ATTORNEY GENERAL
Counsel for Defendants, Dunn, Headley, Culliver, and Posey

**ADDRESS OF COUNSEL:**
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
334-242-7300
334-242-2433 (Fax)
balbritton@ago.sate.al.us

**CERTIFICATE OF SERVICE**

I hereby certify that I have on November 5, 2018, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of same to the following CM/ECF participants:

Anil Ashok Mujumdar
Denise Wiginton
Gregory Martin Zarzaur
Paul Hartmann Rand
Zarzaur Mujumdar & Debrosse
2332 2nd Avenue North
Birmingham, AL 35203
Email: anil@zarzaur.com

/s/ *Benjamin H. Albritton*
Benjamin H. Albritton
ASSISTANT ATTORNEY GENERAL