IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOANN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Act. No.: 2:18-cv-769-ECM |
| | ) | (WO) |
| JOSEPH HEADLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now before the Court is the Defendants' motion to strike and dismiss all claims against "Unidentified Corrections Employees 1-20," filed on November 5, 2018. (Doc. 15). The Court construes this motion to be a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). The Plaintiff filed a response, pursuant to this Court's order, on January 1, 2019. (Doc. 21). The Defendants filed no reply. For the reasons that follow, the Defendants' motion is due to be granted, and all claims against "Unidentified Corrections Employees 1-20" are due to be dismissed.

**I.  Jurisdiction.**

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Personal jurisdiction and venue are uncontested.

**II.  Background.**

This case arises out of the death of Davieon Williams, who was an inmate at the Elmore Correctional Facility in Elmore, Alabama. On August 30, 2016, Mr. Williams

engaged in a fist fight with a fellow inmate, and later that day, the same inmate killed Mr. Williams in his dormitory. Joann Mitchell, Mr. Williams' grandmother and the Administratrix of his Estate, filed a complaint, alleging violations of Mr. Williams' Eighth and Fourteenth Amendment rights. Ms. Mitchell named the following as Defendants: (1) Joseph Headley, then-Warden of the Elmore Correctional Facility, (2) Jefferson Dunn, the Commissioner of the Alabama Department of Corrections, (3) Grantt Culliver, then-Associate Commissioner of the Alabama Department of Corrections, (4) "Correctional Officer Burt," (5) Walter Posey, another correctional officer, and (6) "Corrections Employees 1-20." The Defendants then filed a motion to dismiss the claims against "Corrections Employees 1-20," which is the subject motion.

### III. Analysis.

*A. Standard of Review.*

In considering a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), a court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. *Landau v. RoundPoint Mortg. Servicing Corp.*, 925 F.3d 1365, 1369 (11th Cir. June 11, 2019). In order to survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. *Fictitious Parties.*

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a limited exception to this prohibition where a plaintiff who fails to identify a party by name has otherwise described the party with sufficient detail. *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992). Yet, this exception is narrow, and motions to dismiss claims against fictitious parties should be granted where there is not a description that sufficiently identifies the party being sued. *See, e.g., Richardson*, 598 F.3d at 738 (holding that the district court correctly dismissed claims against "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" as improper claims against a fictitious party); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1097 (11th Cir. 1997) (finding no error in the district court's striking of fictitious parties where the parties were identified as "A, B, and C" and were described as "those persons, corporations or other legal entities who or which employed Plaintiff on the occasion of Plaintiff's injury").

In the present matter, the Plaintiff failed to provide sufficiently detailed descriptions of the "Unidentified Corrections Employees" that would place her allegations within the ambit of this narrow exception. She described them as follows:

> At all relevant times herein, Unidentified Corrections Employees 1-20 ("Doe Defendants") were employed as administrators within the central office of the Alabama Department of Corrections, administrators at Elmore Correctional Facility, correctional officers and other security staff at Elmore Correctional Facility. These individuals have not yet been identified by Alabama Department of Corrections records, but are believed to be captains, officials, deputy wardens, officers, guards, or other individuals employed in the

> Alabama state prison system who participated in the deprivation of constitutional rights of Davieon Williams.

(Doc. 1, p. 4). Because this description fails to identify any of the twenty putative defendants with any particularity, the general rule applies, not the exception. Accordingly, the Defendants' motion to dismiss the claims against "Unidentified Corrections Employees 1-20" is granted.[1]

## IV.  Conclusion.

For the reasons stated above, it is

ORDERED that the Defendants' motion to dismiss all claims against "Unidentified Corrections Employees 1-20" (doc. 15) is GRANTED. Accordingly, all claims against such parties are dismissed.

DONE this 24th day of July, 2019.

               /s/ Emily C. Marks
               EMILY C. MARKS
               CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Plaintiff could move to amend her pleadings at a later date if she discovers the identity of the unknown individuals.